GIBSON, DUNN & CRUTCHER LLP
JEFFREY C. KRAUSE, SBN 94053
   jkrause@gibsondunn.com
GENEVIEVE G. WEINER, SBN 254272
   gweiner@gibsondunn.com
SABINA JACOBS MARGOT, SBN 274829
   sjacobs@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Petitioning Creditor
STM HOLDINGS S.A.R.L.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>LEN CO, LLC,<br><br>               Alleged Debtor. | CASE NO. 18-52484<br><br>Chapter 7<br><br>**SUPPLEMENTAL DECLARATION OF JEFFREY C. KRAUSE IN SUPPORT OF PETITIONING CREDITOR'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND ENTRY OF ORDER FOR RELIEF AGAINST LEN CO, LLC**<br><br><u>Hearing</u><br>Date:      January 23, 2019<br>Time:     10:00 a.m.<br>Place:    Courtroom 3020, 3rd Floor<br>            U.S. Courthouse & Federal Building<br>            280 South First Street<br>            San Jose, CA 95113<br>Judge:   Hon. M. Elaine Hammond |

# SUPPLEMENTAL DECLARATION OF JEFFREY C. KRAUSE

I, Jeffrey C. Krause, declare as follows:

1. I am over 18 years of age and if called upon I would competently testify to the matters set forth herein from my own personal knowledge, except as otherwise stated. I am a member of Gibson, Dunn & Crutcher LLP ("Gibson Dunn"), counsel for STM Holdings, S.a.r.l. ("STM").

2. Despite multiple demands by me to the Assignee's[1] counsel, David Seror, over the period from the Assignment through the Petition Date, at no time prior to the Petition Date did the Assignee commit to obtain records of avoidable transfers from Len Co or commit to produce whatever it did obtain to STM. Mr. Seror's declaration states that he did not decline to commit to obtain records or decline to commit to provide those records to me (*see Declaration of David Seror in Support of Joint Opposition to Petitioning Creditor's Notice of Motion and Motion for Summary Judgment and Entry of Order for Relief Against Len Co, LLC* [Docket No. 20-5] ¶¶ 3-5), but he submits nothing that indicates that he made such commitments at any time prior to the Petition Date. Attached to the *Declaration of Jeffrey C. Krause in Support of Petitioning Creditor's Motion for Summary Judgment and Entry for Order for Relief Against Len Co, LLC* [Docket No. 14] (the "Krause Declaration") as Ex. A-G, I-J are various requests I submitted to him asking that the Assignee obtain information from Len Co and provide it to STM, and several of Mr. Seror's replies. At no time prior to the Petition Date did the Assignee provide STM with any bank statements or the Request Form (defined below) that Len Co had provided to the Assignee. At no time prior to the Petition Date did Mr. Seror commit that the Assignee would provide such documents and Mr. Seror's declaration does not actually say that he made any such commitment. Indeed, on October 30, 2018, counsel for the Assignee stated that the Assignee had not, during the month the Assignment had already been pending, decided "whether [Mr. Klaus] will share the information from Len Co" with STM and its counsel. *See* Krause Declaration, ¶ 5 & Ex. K. I respectfully submit that, taken

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Petitioning Creditor's Motion for Summary Judgment and Entry for Order for Relief Against Len Co, LLC* [Docket No. 13] (the "Motion for Summary Judgment") and the *Petitioning Creditor's Reply in Support of Petitioning Creditor's Motion for Summary Judgment and Entry for Order for Relief Against Len Co, LLC* (the "Reply"), filed concurrently herewith.

together, the absence of any commitments of any kind, the failure to actually provide bank statements or the Request Form, and Mr. Seror's email stating that the Assignee was still deciding whether it will share information with STM, constitute declining to commit to obtain information and declining to commit to share any information obtained by the Assignee.

3. After receiving the Opposition on January 9, 2019, in light of Mr. Seror's declaration and the assertions in the Opposition, I made an additional demand for information to the Assignee's counsel. On January 11, 2019, the Assignee's counsel provided to me additional information, none of which he had provided to me prior to the Petition Date. A true and correct copy of my email to the Assignee's counsel and the two emails I received from the Assignee's counsel are attached hereto as **Exhibit L**.

4. Included in the information I received from the Assignee's counsel on January 11, 2019 was a filled-out request form (the "Request Form") that the Assignee required Len Co to fill out and submit to the Assignee. I have not attached to the Request Form hereto, because the Assignee has informed me that the Assignee objects to STM submitting the Request Form itself to this Court, but not to the submission of information contained therein. If the Court or the parties would prefer that the Request Form be filed or the Assignee waives any objection to STM filing the Request Form I will file it with the Court. The information provided by Len Co to the Assignee in the Request Form includes disclosures of (i) five transfers totaling $1,153,335 to Mr. Perelman during the year prior to the Assignment, including a transfer of $848,086.27 on April 4, 2018, (ii) a charitable donation of $10,000 "on behalf of Leonid Perelman"; and (iii) more than $7 million in "Other Revenue", which it described as "(interest income)" to Len Co. It contains no information explaining what happened to the bulk of this $7 million of income.

5. Attached hereto as **Exhibit M** is a true and correct copy of the proof of claim filed by the Internal Revenue Service with the Assignee (the "IRS Claim"), which the Assignee's counsel emailed to me on January 11, 2019, in response to my January 10, 2019 demand for information. The IRS Claim includes a claim for more than $289,039.40 in penalties. *See* Ex. M, at ABC_002. The Assignee's counsel has informed me that no other proofs of claim have been filed. *See* Ex. L.

2

6. On January 15, 2019, the Assignee's counsel provided to me copies of most but not all bank statements for one Len Co bank account. None of these bank statements were provided to STM prior to the Petition Date. To date, I have received no explanation as to why the bank statements provided to the Assignee by Len Co are incomplete or what transfers to insiders may have been made in the months for which Len Co has not provided statements. Even the statements provided by Len Co do not disclose who received some of the largest transfers made by Len Co.

I hereby certify, affirm, and declare, under penalty of perjury and the laws of the United States of America and the State of California, that the foregoing is true and correct.

Executed on January 16, 2019 at Los Angeles, California.

*/s/ Jeffrey C. Krause*
Jeffrey C. Krause

# Exhibit L

| From: | Jessica Bagdanov |
| --- | --- |
| To: | David Seror; Krause, Jeffrey C. |
| Cc: | Jacobs Margot, Sabina |
| Subject: | RE: Request for additional information |
| Date: | Friday, January 11, 2019 2:55:21 PM |

[External Email]

Counsel,

Please follow the below ShareFile link to access the documents. Please let us know if you have any trouble opening the link.

https://brutzkusgubner.sharefile.com/d-s9a68d1e13b54d3ca

Thank you,

Jessica



21650 Oxnard St., Suite 500
Woodland Hills, CA 91367

www.bg.law

**Jessica Bagdanov**

(818) 827-9000 Main
(818) 827-9212 Direct
(818) 827-9032 Fax

jbagdanov@bg.law

 Jessica Bagdanov

The preceding e-mail message is subject to Brutzkus Gubner Rozansky Seror Weber LLP's e-mail policies, which can be found at: http://www.bg.law/disclaimer

**From:** David Seror
**Sent:** Friday, January 11, 2019 2:51 PM
**To:** Krause, Jeffrey C. <JKrause@gibsondunn.com>
**Cc:** Jacobs Margot, Sabina <SJacobs@gibsondunn.com>; Jessica Bagdanov <jbagdanov@bg.law>
**Subject:** RE: Request for additional information

Jeff,

This email is in response to your document/information requests. In addition to the information provided, a separate shared file email link will be sent to shortly. This email, the link and the documents reflected therein are responsive to some, but not all of your requests.

- **Initial due diligence from Len Co.** The pro forma due diligence that was prepared by Len Co and provided to the Assignee is in the shared file link. The Assignee makes no

representations or warranties as to the accuracy of the information reported, and no assurances that the information is complete. The Assignee has not completed its investigation into the accuracy of these disclosures.

- With regard to your request relating to 90-day transfers, the Assignee's initial analysis reflects that Leonid Perelman was paid at least $868k during the preference period, after STM's note became due and payable. The due diligence form suggests that this payment was a "distribution," which causes the assignee concern considering the fact that Len Co clearly had creditors unpaid at the time of the distribution (not only STM, but also the IRS – see proof of claim). The Assignee preliminarily believes at least the amount of $868k is avoidable and the other transfers may be avoidable as well.

- Please also note that the Assignee does not have bank statements from Len Co. Len Co has not yet responded to all of the Assignee's outstanding demands.

- Please also see the additional documents we received from Len Co regarding its financial relationship with Knight Capital. The Assignee (via Traverse) has access to many Knight documents, some of which are contained in the share file link, but believes he signed a confidentiality agreement as to those documents. I haven't seen the confidentiality agreement, but Chuck is looking for it and will forward – once I have a chance to review the agreement I will produce Knight documents to the extent I can.

- Last week I sent you the fee letter regarding the $200k payment recently received by the assignee from Knight.

- **IRS Proof of Claim.** So far, it is our understanding that this is the only claim that has trickled in from the claims bar date notice. The assignee is also aware of your client's claim, and believes there may be one or two other small claims as well.

- **Traverse engagement.** Attached – note that this copy does not reflect Chuck's signature, but I will track down the fully executed copy and forward if you really need it.

- **Balance sheet.** Please see attached "Statement of Condition" prepared by Len Co.

We will not provide you with copies of BG/Traverse/Chuck time entries at this time. BG's time entries contain attorney client privileged information, and I understand that both Chuck and Albert do not have contemporaneous time entries. It is unnecessary for them to recreate time entries – their good-faith estimates of time spent on this case to date are believed to be sufficient.

As noted earlier, this email is not intended to be a full and complete response to all of your demands. Some documents (Knight documents in particular) cannot be produced until I confirm the terms of Chuck's confidentiality agreement. If I can, I will produce more, but wanted to respond to as much of your inquiry as possible today (per your request).

In general, I disagree with your characterization of our multiple conversations and email correspondence. I believe I responded to all of your requests as best as I was able at the time. Your client's assumptions that the Assignee and my office are purposely withholding information from it, simply because STM thinks we should be moving at rapid speed, are simply not true and not reasonable under the circumstances. STM has indicated it believes this liquidation is time sensitive, but we have yet to understand any specifics that give rise to that belief. If you have specific information about time sensitivity, please provide. The Assignee has and will continue to respond to creditor inquiries as best as it is able, while still handling the involuntary proceeding as well.

I look forward to our meeting on Monday and hope it will be productive.


David


**From:** Krause, Jeffrey C. [mailto:JKrause@gibsondunn.com]
**Sent:** Thursday, January 10, 2019 12:58 PM
**To:** David Seror <dseror@bg.law>
**Cc:** Jacobs Margot, Sabina <SJacobs@gibsondunn.com>
**Subject:** Request for additional information

STM is troubled by information missing from the opposition papers and the positions taken by the assignee, which are adverse to unsecured creditors and aligned with the debtor/assignor. We ask that you provide to me by close of business tomorrow all of the following information, all of which STM will have the right to receive if an order for relief is entered in the chapter 7 case: Copies of the information that Len Co has provided to the Assignee. The declarations state that the assignee must analyze this information about potentially avoidable transfers before sharing it with the unsecured creditor that holds more than 95% of all claims. We disagree. If the order for relief were entered the information would be included in the schedules and the statement of affairs and all creditors would be entitled to that information. There is no legitimate reason that should not be true in connection with the assignment. Additionally, the more than 3 months since the assignment was made is far more time than would be needed to analyze the very limited transfer information described in the declarations, even if the assignee needed to review it before providing it to STM.

Detailed time records for each biller included in the in the various declarations that summarize in a conclusory statements of how much time they have spent,

which include a narrative description of what they did.

Copies of each proof of claim that has been filed with the assignee

The Traverse engagement letter

The declarations state that Len Co has filled out some information about preferences in the last 90 days pre-assignment and to insiders during the 1 year pre-assignment. Your declaration says that is all I asked the assignee to obtain, which is simply not accurate. The limited information that your declarations indicate that Len Co has provided is inadequate for at least two distinct reasons. First, from its inception Len Co may have made improper transfers to or for the benefit of Leonid Perelman (Mr. Perelman) and there is absolutely no logical reason why any investigation by the assignee of avoidable transfers should be limited to the last 90 days or direct transfers for the past year. By way of example, if Len Co was paying Mr. Perelman's personal expenses more than 90 days before the assignment that would still be an insider preference, but would not be covered by the information described in your declaration. Moreover, every transfer to him **or for his benefit** from the inception of Len Co may have been a fraudulent transfer. We are concerned that Mr. Perelman may have been causing Len Co to pay his personal expenses throughout its existence. What is described in the declarations is far less information than I asked the assignee to seek prepetition (see my email below), and is woefully inadequate if the assignee intends to investigate all avoidable insider transfers. Second, there is no reason to believe that information provided to the assignee by Len Co in the assignee's "standard forms" is accurate and complete unless you have obtained the underlying bank statements. Mr. Perelman has a strong incentive to conceal avoidable transfers for which he may be liable. We believe that the assignee should have already obtained and should share with STM every bank statement of Len Co since its inception. In light of the limited scope of its operations this would not be voluminous and could have been completed before the involuntary petition was filed, much less before today. If you have these bank statements we ask that you provide me with copies.

As you know, I asked the assignee to ask Len Co for all of the information described in my attached email below. At no time did you commit to ask Len Co for this information. Your declaration does not appear to assert that you did seek or obtain this information. I renew the request I made the day after the assignment was initiated and I renewed the week before the involuntary

petition was filed, that the assignee confirm that he has obtained the information described in my email of September 28, 2018 attached below, and share all of that information with STM immediately. Failure to provide this information by January 11, 2019, demonstrates either that the assignee does not have it or is refusing to provide it to STM, notwithstanding the contrary assertions in the opposition to the motion for summary judgment.

---

**From:** Krause, Jeffrey C.
**Sent:** Friday, September 28, 2018 5:23 PM
**To:** David Seror (dseror@bg.law) <dseror@bg.law>
**Subject:** FW: Document request re Len Co and Vadim notes/settlement offers

Here is the information request that I submitted to Adam and Jeff. I believe that the Assignee needs at least this information and a list of all creditors to make an informed judgment regarding how best to maximize creditor recoveries. I would greatly appreciate it if you could provide me with a list of the creditors that LenCo has provided to the Assignee and the assignment documentation. Adam and Jeff had previously represented to me that LenCo had only 2 creditors: STM and an individual insider. I believe that STM is far north of 95% and maybe north of 99% of the creditor body to which the Assignee owes its duties and we would like to explore promptly whether there is a logical path forward that is mutually acceptable to the Assignee and STM.

**Jeffrey C. Krause**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7995 • Fax +1 213.229.6995
JKrause@gibsondunn.com • www.gibsondunn.com

---

**From:** Krause, Jeffrey C.
**Sent:** Tuesday, August 14, 2018 12:21 PM
**To:** Jeff Bjork (Jeff.Bjork@lw.com) <Jeff.Bjork@lw.com>; Adam.Malatesta@lw.com
**Cc:** Choh, Candice <CChoh@gibsondunn.com>; Zelenay Jr., James L. <JZelenay@gibsondunn.com>; McRae, Marcellus <MMcRae@gibsondunn.com>
**Subject:** FW: Document request re Len Co and Vadim notes/settlement offers

Jeff and Adam:

Thank you for the information provided on Friday and over the weekend and for the proposals on behalf of Len Co and Vadim Perelman ("Vadim"). In order to intelligently respond to the proposals we need the following additional information:

1. A current balance sheet for Len Co.

2. Len Co's financial statements since inception, including any audits or compilations, and a list of all receipts and disbursements by Len Co. My understanding is that its operations are limited and, therefore, these requests should not be unduly burdensome. My goal is to understand how Len Co got to the point it is today. By way of example, we are trying to understand what happened to $10 million of the notes payable to Len Co during 2017. Footnote 3 to the audited financial statements for Knight[1] says the Knight debt to Len Co was $54.2 million, but that during July of 2017 Knight issued three notes totaling only $44.2 million to Len Co. I need to understand what happened to the other $10 million of debt owed to Len Co? Was it paid in cash? If so, I need to understand what happened to that cash. In addition, it is our understanding that Len Co received cash payment of more interest income from Knight than Len Co has paid to STM. We need to understand where this cash went. The only way for me to get my arms around all of these issues is a complete list of Len Co's receipts and disbursements.

3. A list of any transfers by Knight to any of its equityholders or to Len Co, 3P or any of its funds, Leonid Perelman, Vadim, or any companies affiliated with these parties.

4. Len Co's K-1 from Knight for each year since Len Co acquired equity in Knight and all tax returns of Len Co.

5. An accounting for how the proceeds of Credit Suisse loan to Knight were used.

6. The documents reflecting the Waterfall financing of Knight. We are seeking to understand how the Credit Suisse transaction modified Len Co's rights against Knight and to fully understand that we need to understand the relative rights of Len Co and Waterfall before the Credit Suisse transaction.

7. An organization chart for Knight and the documents that show the relationship among Knight Capital Funding III, LLC and Knight Capital Funding III SPV, LLC and the other Knight entities.

We also need a more complete explanation of what changed that caused the reserve for 2016 to increase so greatly in hindsight in 2017. I generally understand from our call that this large increase in the reserve was based on more accurate methodology for estimating Knight's probable recoveries (or losses), but the change was so substantial that we need a more complete explanation, so that we can understand the risks inherent in the settlement that Len Co has proposed, which is entirely dependent on Knight's future performance.

I would also like to get confirmation that Michael Fishman is the only other creditor of Len Co and copies of any contracts upon which his claims are based.

As we discussed, we cannot assess Vadim's settlement proposal without financial information about Vadim and about the two entities to which he asks Sofiya to limit her recourse. Therefore, for Vadim we need the following to consider the merits of his proposal:

1. A current personal financial statement that includes a list of all entities in which he owns an interest and the current value of such interests, and all assets and liabilities, including any contingent liabilities.

2. A copy of the most recent financial statement that Vadim has provided to any creditor from which he has sought a loan or extension of credit, so that we can compare it to the statement that we are receiving. An explanation of the facts causing changes between this prior financial statement and the current statement that he provides to us would, of course, be helpful.

3. His tax returns for 2016 and 2017 and all schedules thereto and K-1s filed therewith.

4. An explanation of the claim that you said Vadim alleges that he has against Sofiya or STM and any supporting documents.

5. All information that he has that reflects the value of his interests in Knight and Center Lake Capital, since he has asked that recourse be limited to these assets.

Please let me know if you have any questions about these requests.

**Jeffrey C. Krause**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7995 • Fax +1 213.229.6995
JKrause@gibsondunn.com • www.gibsondunn.com

**Jeffrey C. Krause**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7995 • Fax +1 213.229.6995
JKrause@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information. If it has been sent to you in error,

please reply to advise the sender of the error and then immediately delete this message.

---

[1] "Knight" as used herein means all Knight Capital LLC affiliated entities, including Knight Capital Funding LLC, Knight Capital Funding II LLC, Knight Capital LLC, Knight Capital Funding III, LLC, Knight Capital Funding III SPV, LLC, EBusiness Funding LLC, Tiger Merchant Funding LLC, and IBusiness Funding LLC.

# Exhibit M

# PROOF OF CLAIM

Case Name: **Len Co, LLC**
3031 Tisch Way, Ste 130
San Jose, CA 95128

To: **ABC Services Group, Inc.**
13681 Newport Ave., Suite 8-609
Tustin, CA 92780
(949) 922-1211

The undersigned is a creditor of the above subject debtor(s) and I/we hereby file my/our claim below as follows:

As evidence of my/our claim, an itemized statement of my/our account and/or a copy of a promissory note is hereto attached and you agree to cooperate in providing any additional backup to your claim as may be reasonably requested. Your failure to do so, may result in the denial of your claim.

THE AMOUNT OF MY/OUR CLAIM IS $ _See attached Form 4490_

Dated: _NOV. 20, 2018_

COMPANY (or INDIVIDUAL) _Internal Revenue Service_

NAME _____

BY _____ TITLE _____

ADDRESS _____

CITY, STATE, ZIP _____

PHONE NO. _____ FAX# _____

EMAIL _____

NOTE: Interest is applicable only to the date of September 26, 2018, and then only in the event a written agreement exists between you and the debtor providing for payment of interest.

PLEASE: (1) COMPLETE THIS FORM,
(2) ATTACH AN ITEMIZED STATEMENT OF YOUR ACCOUNT THEREON, AND
(3) RETURN NO LATER THAN MARCH 30, 2019

MAIL TO: **ABC Services Group, Inc**.
13861 Newport Avenue, Ste 8-609
Tustin, CA 92780
or email to **ABCServicesincclaims@gmail.com**

# Proof of Claim for Internal Revenue Taxes

Department of the Treasury/Internal Revenue Service



Form **4490** (Rev. 2-2005)

Docket Number: AS-1502

Kind of Proceeding: ASSIGNMENT

Date of Petition: 09/26/2018

Creditor Number:

In the _____ Court for the _____

**In the Matter of:** LEN CO, LLC
3031 TISCH WAY, STE 130
SAN JOSE, CA 95128

The undersigned officer of the Internal Revenue Service, a duly authorized agent of the United States in this behalf, being duly sworn, deposes and says that:

1. LEN CO, LLC is justly and truly indebted to the United States in the amount of $1,043,487.01 with interest and penalty as shown below.
2. This debt is for taxes due under the Internal Revenue laws of the United States as follows:

| Taxpayer ID Number | Kind of Tax | Period | Tax Due | Penalty Due | Interest Due | Date Tax Lien Arose |
|---|---|---|---|---|---|---|
| XX-XXX1502 | FOREIGN | 12/31/2014 | $608,504.00 | $289,039.40 | $145,943.61 | 12/21/2015 |
| | | | $608,504.00 | $289,039.40 | $145,943.61 | |
| | | **Total Amount of Claims:** | | | $1,043,487.01 | |

3. No part of this debt has been paid, and it is now due and payable to the United States Treasury at the Office of Internal Revenue Service;
4. Except for the statutory tax liens that arose on the above dates, the United States does not hold, to the deponent's knowledge or belief, any security for this debt;
5. No note or other negotiable instrument has been received for this debt or any part of it, nor has any judgment been rendered with respect to this debt; and
6. This debt has priority and must be paid in full in advance of distribution to creditors to the extent provided by law:
See 31 U.S.C. Section 3713(a). Any executor, administrator, or other person who fails to pay the claims of the United States in accordance with its priority may become personally liable for this debt under 31 U.S.C. Section 3713(b).

(Notarize or witness if court requires)
Subscribed and Sworn to Before Me on

Month ___ Day ___ Year ___

Signature: COLBERT TANG    NOV. 20, 2018
Title: Revenue Officer
ID Number: 0682893
Telephone Number: (408) 283-1839
408-283-1839
Address: Internal Revenue Service
Insolvency Group 4
55 So Market St M/S HQ5430
San Jose, CA 95113

Part 1 - For Court (or Fiduciary, if required by local procedures)   Page 1 of 1   Form 4490(Rev. 2-2005) cat. No. 41704T

Internal Revenue Service
HQ 5420, Bankruptcy (Tust—)
55 S. Market Street
San Jose, CA 95113

Official Business
Penalty for Private Use, $300

**CERTIFIED MAIL**

7018 0680 0001 9337 1770

ABC Services Group Inc.
13861 Newport Avenue, Ste 8-609
Tustin, CA 92780

92780-46026 1

neopost
US POSTAGE $006.78
US OFFICIAL MAIL
For Private Use
ZIP 95113
041M121 20053

# PROOF OF SERVICE

I, Pamela Santos, declare as follows:

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is 333 South Grand Avenue, Los Angeles, CA 90071-3197, in said County and State.

On January 16, 2019, I served the following document(s):

**SUPPLEMENTAL DECLARATION OF JEFFREY C. KRAUSE IN SUPPORT OF PETITIONING CREDITOR'S REPLY IN SUPPORT OF PETITIONING CREDITOR'S MOTION FOR SUMMARY JUDGMENT AND ENTRY OF ORDER FOR RELIEF AGAINST LEN CO, LLC**

on the parties stated below, by the following means of service:

*Alleged Debtor*:
Len Co., LLC
3031 Tisch Way, Suite 130
San Jose, CA 95128

*Counsel to Alleged Debtor*:
Helena Tseregounis
Sidley Austin LLP
555 W Fifth St. #4000
Los Angeles, CA 90013

Jeffrey E. Bjork
Amy C. Quartarolo
Adam E. Malatesta
Latham & Watkins LLP
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071

U.S. Trustee
Office of the U.S. Trustee / SJ
U.S. Federal Bldg.
280 S 1st St. #268
San Jose, CA 95113-3004

*Request for Special Notice*:
David Seror, Esq.
Jessica L. Bagdanov, Esq.
Brutzkus Gubner
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367

*Chambers Copy*:
United States Bankruptcy Court – Northern District
The Hon. Elaine M. Hammond
Attn: Anna Rosales / Chambers Copy
280 South First Street, Room 3035
San Jose, CA 95113-3099

☑ **BY UNITED STATES MAIL**: I placed a true copy in a sealed envelope or package addressed to the persons as indicated above, on the above-mentioned date, and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is

deposited with the U.S. Postal Service in the ordinary course of business in a sealed envelope with postage fully prepaid. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing set forth in this declaration.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☑ **BY ELECTRONIC TRANSFER TO THE CM/ECF SYSTEM**: On this date, I electronically uploaded a true and correct copy in Adobe "pdf" format the above-listed document(s) to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system. After the electronic filing of a document, service is deemed complete upon receipt of the Notice of Electronic Filing ("NEF") by the registered CM/ECF users.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 16, 2019 at Los Angeles, California.

_____
Pamela Santos